## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

----------------------------------------------------x

In re:                                              :     Chapter 11

LA PALOMA GENERATING COMPANY, LLC,                  :     Case No. 16-_____ (  )

                              Debtor.               :

Tax I.D. No. 52-2129359                             :

----------------------------------------------------x

In re:                                              :     Chapter 11

LA PALOMA ACQUISITION CO, LLC,                      :     Case No. 16-_____ (  )

                              Debtor.               :

Tax I.D. No. 03-0562500                             :

----------------------------------------------------x

In re:                                              :     Chapter 11

CEP LA PALOMA OPERATING COMPANY,                    :     Case No. 16-_____ (  )
LLC,                                                :

                              Debtor.               :

Tax I.D. No. 03-0562503                             :

----------------------------------------------------x

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

La Paloma Generating Company, LLC ("**La Paloma**") and its affiliated debtors

and debtors in possession (collectively, the "**Debtors**")[1] respectfully request entry of an order

directing joint administration of their chapter 11 cases for procedural purposes only and granting

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC (2503). The address of the Debtors' corporate headquarters is 1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

related relief. In support of this motion, the Debtors rely on and incorporate by reference *Niranjan Ravindran's Declaration in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* (the "**Ravindran Declaration**"), filed concurrently with this motion.[2] In further support of the motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334 and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b).[3]

## BACKGROUND

2.      On December 6, 2016 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors manage and operate their business as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

3.      La Paloma owns a 1,022 MW (nameplate capacity) natural gas-fired, combined cycle generating facility consisting of four identical power blocks, located on an approximately 400-acre site in McKittrick, California (the "**Facility**"). Approximately 110 miles northwest of Los Angeles and 40 miles west of Bakersfield, the Facility is optimally located for maximizing power flows throughout northern and southern California. The Facility commenced operation in March 2003 and operates as a merchant facility selling capacity and power into the

---

[2] Capitalized terms used but not defined in this motion have the meanings used in the Ravindran Declaration.

[3] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors hereby expressly confirm their consent to the entry of a final order by this Court in connection with this motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

California Independent System Operator market. CEP La Paloma Operating Company, LLC ("**CEP**") is the manager of La Paloma and its direct parent and sole member, La Paloma Acquisition Co, LLC ("**LPAC**"). As described in the Ravindran Declaration, CEP subcontracts its management responsibilities to various third parties.

4.  Additional information on the Debtors' business and capital structure, as well as a description of the reasons for filing these cases is set forth in the Ravindran Declaration.

### RELIEF REQUESTED

5.  By this motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors request entry of an order, substantially in the form attached as Exhibit A, directing procedural consolidation and joint administration of these chapter 11 cases.

6.  In addition, the Debtors request that the caption of their chapter 11 cases in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LA PALOMA GENERATING COMPANY, LLC, *et al.* [1] | : | Case No. 16-_____ (  ) |
| | : | Jointly Administered |
| Debtors. | : | |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC (2503). The address of the Debtors' corporate headquarters is 1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

7.  The Debtors also seek waiver of the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings

and notices in these cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in each caption, the Debtors propose to include the following footnote to each pleading filed and notice mailed by the Debtors, listing the Debtors in these chapter 11 cases and the last four digits of their tax identification numbers along with the address of the Debtors' corporate headquarters:

> The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC (2503). The address of the Debtors' corporate headquarters is 1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

8.      The Debtors also request that the Court make a separate docket entry in each of the Debtors' chapter 11 cases (except that of La Paloma), substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of La Paloma Generating Company, LLC (Case No. 16-_____(___)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-_____ (___) should be consulted for all matters affecting this case.

**BASIS FOR RELIEF REQUESTED**

9.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code, as Blocker (La Paloma), LLC (i) is the direct parent and sole member of CEP and (ii) holds approximately $52.3% of the membership interests in LPAC, which is the direct parent and sole

- 4 -

member of La Paloma. This Court thus is authorized to consolidate the Debtors' cases for procedural purposes.

10.    Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11.    The Ravindran Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest. Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices, and orders in each of the respective dockets and will save the Court, the Debtors, and other parties in interest substantial time and expense when preparing and filing such documents. Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases. Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

12.    Joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in

interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

13.    Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' full tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions for the respective Debtors and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

14.    Courts in this District have routinely granted relief similar to the relief requested in several other cases involving multiple related debtors.[4] For these reasons, the Debtors submit that the relief requested is necessary and appropriate, is in the best interest of their respective estates and creditors, and should be granted in all respects.

## NOTICE

15.    The Debtors will provide notice of this motion by facsimile, e-mail, overnight delivery, or hand delivery to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the 30 largest unsecured claims against the Debtors on a

---

[4] *See, e.g., In re New Gulf Res., LLC,* Case No. 15-12566 (BLS) (Bankr. D. Del. Dec. 18, 2015) (D.I. 33); *In re Am. Apparel, Inc.,* Case No. 15-12055 (BLS) (Bankr. D. Del. Oct. 6, 2015) (D.I. 65); *In re Samson Res. Corp.,* Case No. 15-11934 (CSS) (Bankr. D. Del. Sept. 18, 2015) (D.I. 70); *In re Colt Holding Co. LLC,* Case No. 15-11296 (LSS) (Bankr. D. Del. June 16, 2015) (D.I. 69); *In re Corinthian Colleges, Inc.,* Case No. 15-10952 (KJC) (Bankr. D. Del. May 5, 2015) (D.I. 19); *In re Frederick's of Hollywood, Inc.,* Case No. 15-10836 (KG) (Bankr. D. Del. Apr. 21, 2015) (D.I. 48); *In re Allied Nevada Gold Corp.,* Case No. 15-10503 (MFW) (Bankr. D. Del. Mar. 11, 2015) (D.I. 53); *In re Cal Dive International, Inc.,* Case No. 15-10458 (CSS) (Bankr. D. Del. Mar. 6, 2015) (D.I. 57); *In re RadioShack Corporation,* No. 15-10197 (BLS) (Bankr. D. Del. Feb. 6, 2015) (D.I. 98); *In re Dendreon Corporation,* Case No. 14-12515 (LSS) (Walsh, J.) (Bankr. D. Del. Nov. 12, 2014) (D.I. 49).

RLF1 16089987v.1

consolidated basis; (iii) all agents and trustees under the Debtors' prepetition debt instruments; (iv) counsel to the agents and trustees under the Debtors' prepetition debt instruments; (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; and (vii) any other party entitled to notice pursuant to Local Rule 9013-1(m). Following the hearing, a copy of this motion and any order entered with respect to it will be served on the foregoing parties and all parties having filed requests for notice in these chapter 11 cases. A copy of the motion is also available on the Debtors' case website at http://dm.epiq11.com/lapaloma.

16.     As this motion is seeking "first day" relief, notice of this motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

## NO PRIOR MOTION

17.     The Debtors have not made any prior motion for the relief sought in this motion to this Court or any other.

The Debtors respectfully request entry of an order granting the relief requested in its entirety and any other relief as is just and proper.

Dated:    December 6, 2016
             Wilmington, Delaware

**RICHARDS, LAYTON & FINGER, P.A.**
Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
Andrew M. Dean (No. 6147)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

- and -

**O'MELVENY & MYERS LLP**
John J. Rapisardi (*pro hac vice* admission pending)
George A. Davis (*pro hac vice* admission pending)
Peter Friedman (*pro hac vice* admission pending)
Diana M. Perez (*pro hac vice* admission pending)
Matthew Kremer (*pro hac vice* admission pending)
Times Square Tower
Seven Times Square
New York, New York 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

*Proposed Attorneys for the*
*Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x

In re:                                                                    :          Chapter 11
                                                                          :
LA PALOMA GENERATING COMPANY, LLC,            :          Case No. 16-_____ (  )
                                                                          :
                              Debtor.                  :
                                                                          :
Tax I.D. No. 52-2129359                                      :

------------------------------------------------------------x

In re:                                                                    :          Chapter 11
                                                                          :
LA PALOMA ACQUISITION CO, LLC,                      :          Case No. 16-_____ (  )
                                                                          :
                              Debtor.                  :
                                                                          :
Tax I.D. No. 03-0562500                                      :

------------------------------------------------------------x

In re:                                                                    :          Chapter 11
                                                                          :
CEP LA PALOMA OPERATING COMPANY,             :          Case No. 16-_____ (  )
LLC,                                                                    :
                                                                          :
                              Debtor.                  :
                                                                          :
Tax I.D. No. 03-0562503                                      :

------------------------------------------------------------x

## ORDER DIRECTING JOINT
## ADMINISTRATION OF CHAPTER 11 CASES

Upon the Debtors'[1] motion (the "**Motion**")[2] for entry of an order (this "**Order**")

directing the Debtors' chapter 11 cases to be jointly administered for procedural purposes only

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC (2503). The address of the Debtors' corporate headquarters is 1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Motion.

and granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and this Court's entry of a final order being consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the Ravindran Declaration and the record of the Hearing and all the proceedings had before the Court; and the Court having found and determined the relief requested in the Motion to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted as set forth herein.

2.     Each of the above-captioned chapter 11 cases of the Debtors are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 16-_____ (_____).

3.     Nothing contained in the Motion or this Order is to be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

4.     The caption of the jointly administered cases shall read as follows:

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------x
                                :

In re:                                :      Chapter 11

                                :

LA PALOMA GENERATING COMPANY,  :      Case No. 16-_____ ( )
LLC, *et al.* [1]                    :

                                :      Jointly Administered

                      Debtors.   :

-------------------------------------------------------x

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC (2503). The address of the Debtors' corporate headquarters is 1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

        5.     All pleadings and notices shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of La Paloma Generating Company, LLC, Case No. 16-_____ (____).

        6.     A docket entry shall be made in each of the Debtors' cases (except that of La Paloma Generating Company, LLC) substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of La Paloma Generating Company, LLC (Case No. 16-_____ (____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. _____ (____) should be consulted for all matters affecting this case.

        7.     The Debtors are directed to include the following footnote to each pleading they file and notice they mail in these cases, listing the Debtors in these chapter 11 cases and the last four numbers of their tax identification numbers along with the address of the Debtors' corporate headquarters only:

> The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are La Paloma Generating Company, LLC (9359), La Paloma Acquisition Co, LLC (2500), and CEP La Paloma Operating Company, LLC

(2503). The address of the Debtors' corporate headquarters is 1700 Pennsylvania Avenue, NW, Suite 800, Washington, DC 20006.

8.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

10.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated:     _____, 2016
     Wilmington, Delaware


_____
     UNITED STATES BANKRUPTCY JUDGE

RLF1 16089987v.1